UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Anthony Michael Werts,  ) C/A No. 4:09-2875-TLW-TER
                       )
            Plaintiff, )
                       )
vs.                    )
                       )  Order
Capt. Sharon Middleton;)
Sgt. Holtzclaw, and    )
Officer Wells, Cpl,    )
                       )
            Defendants.)
_____)

This matter is before the Court because of Plaintiff's failure to comply with the magistrate judge's Order of November 17, 2009. (Entry 6).

A review of the record indicates that the magistrate judge ordered Plaintiff to submit the filing fee or *in forma pauperis* forms, a completed summons, and completed Forms USM-285 if the fling fee was not paid in order to render this case into proper form. Plaintiff was *specifically* told to provide the required items within twenty days (by December 7, 2009) or to face this case being dismissed *without prejudice*.

The mail in which the Order was originally sent to Plaintiff at the address he provided when the case was filed was returned to the Court and marked as "undeliverable" because, according to a stamp on the returned envelope, Plaintiff had been "released" from the Greenwood County Detention Center. (Entries 10, 14). Even though Plaintiff did not submit a change of address with this Court, a search of both the South Carolina Department of Corrections' (SCDC) and Federal Bureau of Prisons' inmate locators on their internet websites disclosed that Plaintiff was admitted to the SCDC prison system on November 13, 2009 to begin serving a ten-year sentence entered in Greenwood County, and that he was housed at Kirkland R & E Center on December 2, 2009. Accordingly, out of an abundance of caution, despite the absence of a formal change of address notification from Plaintiff, a copy of the proper-form Order and all attached documents were mailed by the Clerk to Plaintiff at "Kirkland R & E Center, 4344 Broad River Rd.,

Columbia, South Carolina 29210" and the deadline for Plaintiff's response and compliance was re-set to December 28, 2009. (Entry 13). The mail to Plaintiff at the Kirkland R & E Center address has not been returned, thus it is presumed that Plaintiff received the Order, but has neglected to comply with it within the time permitted under the Order as extended by the Clerk's re-mailing. Plaintiff's lack of response to the Order indicates an intent to not continue prosecuting this case, and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with "any order of the court."); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).

Accordingly, this case is dismissed *without prejudice*. The Clerk of Court shall send a copy of this Order through the United States postal mail to Plaintiff at his last-known address at Kirkland R & E Center and shall close the file.[1]

IT IS SO ORDERED.

        s/ Terry L. Wooten
        Terry L. Wooten
        United States District Judge

February 1, 2010
Florence, South Carolina

---

[1] Under General Order, Misc. No. 3:07-5014-JFA, this dismissal *without prejudice* does *not* count as a "strike" for purposes of the "three strikes" provision of 28 U.S.C. § 1915(g). If Plaintiff wishes to bring this action in the future, he should obtain new forms for doing so from the Clerk's Office in Columbia (901 Richland Street, Columbia, South Carolina 29201).